# BENZENE LITIGATION:

# DUTIES, DEFENSES AND STRATEGIES

BY

RICHARD O. FAULK *

---

* SENIOR LITIGATION ATTORNEY, SHELL OIL COMPANY. BOARD CERTIFIED, CIVIL APPELLATE LAW, TEXAS BOARD OF LEGAL SPECIALIZATION. J.D. 1977, SOUTHERN METHODIST UNIVERSITY. THE OPINIONS EXPRESSED HEREIN ARE SOLEY THOSE OF THE AUTHOR AND DO NOT NECESSARILY REPRESENT THE VIEWS OF SHELL OIL COMPANY.

UN0009601-1

EXHIBIT
28

## PRODUCTS LIABILITY THEORIES

1. FAILURE TO PROVIDE ADEQUATE WARNINGS AND PRECAUTIONARY INSTRUCTIONS REGARDING BENZENE TO EMPLOYEES AND CUSTOMERS.

2. SELLING PRODUCTS WHICH, BECAUSE OF KNOWN BENZENE CONTENT, ARE SO "DEFECTIVELY DESIGNED" AS TO BE "UNREASONABLY DANGEROUS."

3. SELLING PRODUCTS WHICH, BECAUSE OF UNINTENDED BENZENE CONTENT, ARE "DEFECTIVE" AND "UNREASONABLY DANGEROUS."

EXTENT OF DUTY TO WARN

1. MANUFACTURER MUST WARN OF DANGERS OF WHICH IT KNEW OR SHOULD HAVE KNOWN AT THE TIME OF MARKETING AND MUST INSTRUCT USERS REGARDING NECESSARY PRECAUTIONS.

2. MANUFACTURER HELD TO KNOWLEDGE OF "EXPERT" REGARDING PRODUCT DANGERS. CHARGED WITH KNOWLEDGE OF DEVELOPMENTS REPORTED IN THE SCIENTIFIC LITERATURE, REGARDLESS OF WHETHER IT IS ACTUALLY AWARE OF SUCH ARTICLES.

3. MUST COMMUNICATE WARNINGS AND PRECAUTIONS TO FORESEEABLE USERS IN A MANNER SUFFICIENT TO "BRING HOME" THE GRAVITY OF THE DANGER AND APPRISE THE USER OF SPECIFIC PROCEDURES TO PROTECT FROM INJURY.

PNE000701-3

MYRON

FAILURE TO WARN: EXAMPLES

1. SCIENTIFIC LITERATURE REFLECTS LEUKEMIA RISK IN 1948. MANUFACTURER IS CHARGED WITH KNOWLEDGE OF SUCH LITERATURE REGARDLESS OF WHETHER ANY EMPLOYEE ACTUALLY REVIEWED ARTICLES AND MAY BE HELD STRICTLY LIABLE FOR FAILING TO WARN.

2. MSDS WARNINGS THAT CHRONIC BENZENE EXPOSURE MAY "DAMAGE THE BLOOD-FORMING ORGANS" MAY NOT ADEQUATELY "BRING HOME" THE DANGER OF LEUKEMIA.

3. INSTRUCTIONS THAT WORKER EXPOSED TO BENZENE SHOULD RECEIVE "PHYSICAL EXAMS" MAY NOT ADEQUATELY INSTRUCT CUSTOMERS REGARDING NATURE OF TESTING NEEDED TO DETECT EXCESS BENZENE EXPOSURE.

PH8700701-4

LIABILITY FOR "DEFECTIVE DESIGN"

1. PRODUCT IS "DEFECTIVELY DESIGNED" IF ITS PRESENT FORMULATION PRESENTS AN UNREASONABLE DANGER WHICH COULD BE DIMINISHED BY A FEASIBLE ALTERNATIVE COMPOSITION.

2. MANUFACTURER AWARE OF HAZARDOUS FORMULATION IS LIABLE DESPITE THE PRESENCE OF A WARNING IF THE HAZARD COULD HAVE BEEN FEASIBLY ELIMINATED WITHOUT IMPAIRING THE PRODUCT'S UTILITY.

3. EXAMPLE: MANUFACTURER SELLS A RUBBER SOLVENT CONTAINING UP TO 1.5% BENZENE. THE SOLVENT COULD HAVE BEEN MANUFACTURED IN A PURER FORM WITH NEGLIGIBLE BENZENE CONTENT. THE CUSTOMER'S EMPLOYEE DEVELOPS LEUKEMIA. IF THE "TRACE" BENZENE IN THE SOLVENT IS SHOWN TO HAVE CAUSED THE LEUKEMIA, THE MANUFACTURER MAY BE LIABLE FOR THE PRODUCT'S "DEFECTIVE DESIGN."

## MANUFACTURING DEFECTS

1. MANUFACTURER STRICTLY LIABLE FOR INJURIES CAUSED BY PRODUCT'S FAILURE TO COMPLY WITH SPECIFICATIONS.

2. MANUFACTURER LIABLE EVEN IF IT EXERCISED REASONABLE CARE IN MANUFACTURING PROCESS.

3. EXAMPLE: MANUFACTURER'S SPECIFICATIONS FOR MEK CITE BENZENE CONTENT AS "NIL." UPON ANALYSIS, HOWEVER, IT IS FOUND TO CONTAIN 700 PPM OF BENZENE. A CUSTOMER'S EMPLOYEE DEVELOPS A BLOOD DISORDER. IF THE CONTAMINATED MEK IS SHOWN TO CAUSE THE DISEASE, MANUFACTURER MAY BE LIABLE FOR THIS "DEFECTIVE" PRODUCT.

PHS[illegible]0701-G

## TYPICAL DEFENSES

1. SOPHISTICATED USER - NO DUTY TO WARN

   (A) CUSTOMER ACTUALLY KNOWS OF PRODUCT'S DANGER AND PRECAUTIONS NEEDED TO AVOID INJURY.

   (B) CUSTOMER HAS CAPACITY TO WARN ULTIMATE USER.

   (C) EXAMPLE: MANUFACTURER SELLS BENZENE TO ANOTHER MANUFACTURER BY BARGE. A DOCK WORKER EMPLOYED BY THE CUSTOMER DEVELOPS LEUKEMIA AFTER SEVERAL YEARS OF EXPOSURE. CUSTOMER ACTUALLY KNOWS OF BENZENE'S CARCINOGENIC POTENTIAL AND HAS DEVELOPED ITS OWN MEDICAL, SAFETY AND INDUSTRIAL HYGIENE DEPARTMENTS TO DEAL WITH THE RISKS. UNDER THESE FACTS, THE SELLER HAS NO DUTY TO WARN CUSTOMER OR CUSTOMER'S EMPLOYEES.

2. BULK SELLER - NO DUTY TO WARN ULTIMATE USER

(A) PRODUCT SOLD IN BULK TO INDUSTRIAL CUSTOMER.

(B) MANUFACTURER SUPPLIED ADEQUATE WARNINGS AND INSTRUCTIONS TO CUSTOMER OR HAD NO REASON TO BELIEVE CUSTOMER WAS UNAWARE OF SUCH MATTERS.

(C) CUSTOMER HAS CAPACITY TO WARN ULTIMATE USERS.

(D) EXAMPLE: MANUFACTURER SELLS BENZENE BY TANK TRUCK TO A DISTRIBUTOR, WHO REPACKAGES THE PRODUCT AND SELLS IT IN DRUMS. MANUFACTURER WARNS DISTRIBUTOR REGARDING BENZENE'S RISKS, OR FROM ITS COURSE OF DEALING AND INVESTIGATION, HAS NO REASON TO BELIEVE THE DISTRIBUTOR IS UNAWARE OF THE DANGERS. DISTRIBUTOR HAS SUFFICIENT EXPERTISE AND MANPOWER TO INDEPENDENTLY WARN ULTIMATE USERS. UNDER THESE FACTS, MANUFACTURER'S DUTY TO WARN IS SATISFIED.

3. SUPERSEDING CAUSE – DEFECTIVE DESIGN NOT CAUSE OF INJURY

(A) CUSTOMER KNOWS OF RISKS PRESENTED BY PRODUCT AND PRECAUTIONS NEEDED TO AVOID THEM.

(B) CUSTOMER INDEPENDENTLY DECIDES TO USE OR SELL PRODUCT DESPITE KNOWLEDGE OF DEFECT.

(C) <u>EXAMPLE</u>: PAINT COMPANY LEARNS, THROUGH INTERNAL QUALITY CONTROL PROCEDURES, THAT MANUFACTURER'S MEK CONTAINS 700 PPM BENZENE. ALTHOUGH COMPANY KNOWS BENZENE IS CARCINOGENIC, IT ELECTS TO USE THE MEK ANYWAY. THIS INDEPENDENT DECISION IS THE LEGAL CAUSE OF ANY RESULTING INJURY, RATHER THAN THE FORMULATION ("DESIGN") OF MANUFACTURER'S PRODUCT.

## OTHER DEFENSES

4. INSUFFICIENT EXPOSURE

   (A) EXAMPLE: CONTRACTOR'S EMPLOYEE WORKS AT BENZENE PLANT ONLY TWO WEEKS, DEVELOPS LEUKEMIA 10 YEARS LATER. EXPOSURE MAY BE FOUND INSUFFICIENT.

5. NO SCIENTIFIC EVIDENCE OF CONNECTION BETWEEN BENZENE EXPOSURE AND PLAINTIFF'S DISEASE

   (A) EXAMPLE: DOCK WORKER ADMITTEDLY EXPOSED TO BENZENE DEVELOPS MULTIPLE MYELOMA. ONLY A FEW STUDIES SUGGEST THE "POSSIBILITY" THAT BENZENE MAY CAUSE MULTIPLE MYELOMA. PLAINTIFF'S EXPERT MAY BE PRECLUDED FROM TESTIFYING THAT BENZENE CAUSED THIS PARTICULAR DISEASE.

6. STATUTES OF LIMITATION

   (A) EXAMPLE: WORKER DIES OF LEUKEMIA IN 1980. BEFORE HIS DEATH, DOCTOR TELLS WIFE THAT DISEASE RELATED TO BENZENE EXPOSURE. WIFE DOES NOT SUE FOR WRONGFUL DEATH UNTIL 1986. WIFE'S CLAIM MAY BE BARRED BY LIMITATIONS EVEN IF SHE ONLY RECENTLY DISCOVERED BENZENE SUPPLIER'S IDENTITY.

## INDUSTRY RESPONSE - A COMPREHENSIVE STRATEGY

A. COORDINATE ALL DISCOVERY REQUESTS TO AVOID UNNECESSARY OR INADVERTENT DISCLOSURE OF SENSITIVE DOCUMENTS OR INFORMATION.

1. CREATE BENZENE DATABASES FOR DOCUMENTS, INTERROGATORIES AND DEPOSITIONS.

2. CENTRALIZE RESPONSIBILITY FOR FIRST-CHAIR DEFENSE AND IN-HOUSE MANAGEMENT OF BENZENE LITIGATION.

3. CLOSELY MONITOR OUTSIDE COUNSEL IN JOINT DEFENSE CASES TO ENSURE CONTROL OF DOCUMENTS AND INFORMATION.

4. DISCLOSE SENSITIVE BENZENE DOCUMENTS ONLY ON COURT ORDER.

PRE800701-18

B. EMPLOY CREATIVE LITIGATION STRATEGIES.

1. FORMALLY ORGANIZE DISCOVERY INTO DISPOSITIVE "PHASES" (E.G., DUTY, CAUSATION, DAMAGES).

2. SEEK SUMMARY JUDGMENT OR SEPARATE TRIALS OF DISPOSITIVE "PHASED" ISSUES PRIOR TO PLENARY TRIAL ON MERITS (E.G., BULK SELLER, MEDICAL CAUSATION).

3. REQUIRE DISCLOSURE OF EXPERT INFORMATION PRIOR TO DESIGNATION OF EXPERTS. "WORK PRODUCT" PRIVILEGE SHIELDS EXPERTS' IDENTITY, NOT OPINION AND FACTS UPON WHICH PLAINTIFF'S CLAIM IS BASED.

4. DEFER BURDENSOME DOCUMENT PRODUCTIONS WHICH DO NOT RELATE TO IMMEDIATELY DISPOSITIVE ISSUES.

C. EVALUATE SETTLEMENT OPTIONS FOR LONG-TERM EFFECTS.

1. EVEN A SUCCESSFUL DEFENSE MAY RESULT IN DISCOVERY OF DOCUMENTS WHICH MIGHT PROVE DAMAGING IN LATER CASES.

2. CONTINUED SECURITY REGARDING DAMAGING DOCUMENTS IS A FACTOR IN DETERMINING SETTLEMENT VALUE.

B. TRIAL MAY PRESENT HIGH RISK IF:

1. EXPOSURE TOOK PLACE PRIOR TO OSHA INVOLVEMENT (1973);

2. PLAINTIFF SUFFERS FROM BLOOD DISEASE, ESPECIALLY APLASTIC ANEMIA OR ACUTE MYELOGENOUS LEUKEMIA (AML);

3. PURE BENZENE IS INVOLVED;

4. PLAINTIFF IS HIGH-EXPOSURE WORKER (BARGE, DOCK, RACK, TRUCKING OR BENZENE PLANT EMPLOYEE);

5. FEW DEFENDANTS ARE INVOLVED.

C. EVALUATE SETTLEMENT OPTIONS FOR LONG-TERM EFFECTS.

1. EVEN A SUCCESSFUL DEFENSE MAY RESULT IN DISCOVERY OF DOCUMENTS WHICH MIGHT PROVE DAMAGING IN LATER CASES.

2. CONTINUED SECURITY REGARDING DAMAGING DOCUMENTS IS A FACTOR IN DETERMINING SETTLEMENT VALUE.

PN8700701-20

PRODUCTS LIABILITY THEORIES

1. FAILURE TO PROVIDE ADEQUATE WARNINGS AND PRECAUTIONARY INSTRUCTIONS REGARDING BENZENE TO EMPLOYEES AND CUSTOMERS.

2. SELLING PRODUCTS WHICH, BECAUSE OF KNOWN BENZENE CONTENT, ARE SO "DEFECTIVELY DESIGNED" AS TO BE "UNREASONABLY DANGEROUS."

3. SELLING PRODUCTS WHICH, BECAUSE OF UNINTENDED BENZENE CONTENT, ARE "DEFECTIVE" AND "UNREASONABLY DANGEROUS."

PM[illegible]00701-2

PM[illegible]00701-3

## SMOKESCREEN:

One fine morning in the middle of the night
Two dead boys got up to fight.
Back-to-back they faced each other,
Drew their swords and shot each other
A deaf policeman heard the noise
And came and shot two dead boys.
If you don't believe my tale is true,
Ask the blind man, he saw it too.