UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LOIS FRANK | * | CIVIL ACTION |
| | * | |
| | * | NO. 11-871 |
| | * | |
| SHELL OIL COMPANY | * | SECTION "L"(3) |

ORDER & REASONS

Before the Court is defendants Shell Oil Company and Shell Chemical LP's (collectively "Shell") Rule 59 Motion for New Trial or Reconsideration and Motion to Alter or Amend Order and Reasons. (R. Doc. 41). The Court has reviewed the briefing submitted by the parties, as well as the relevant facts and applicable law, and is now ready to rule. For the following reasons, IT IS ORDERED that Shell's Motion is GRANTED IN PART and DENIED IN PART.

I.     BACKGROUND

This case arises from the illness and death of a spouse allegedly resulting from exposure to benzene in his workplace. The decedent spouse, Welman Frank, worked at the Shell Norco refinery from 1972 to 1973 as a contract worker and from 1973 to 2002 in the "Coke Unit" as a unit operator and later as a shift foreman. Defendant Shell was the alleged owner and operator of the Norco refinery. Co-defendant Travelers Insurance Company was the alleged insurer of Shell and Shell's executive officers from 1972 to 1978.

During his employment at the Norco refinery, it is alleged that Mr. Frank was exposed to unsafe levels of benzene on a daily basis related to Shell's role as a manufacturer and seller of benzene or benzene-containing products. It is further alleged that this exposure to benzene resulted in Mr. Frank's development of Acute Lymphoblastic Leukemia ("ALL Leukemia").

-1-

Mr. Frank was diagnosed with ALL Leukemia in 2002, and died that same year.

On April 15, 2011, the surviving spouse of Mr. Frank, Plaintiff Lois Frank, filed suit in this Court, individually and on behalf of her husband against defendants Shell and Travelers. (R. Doc. 1). Plaintiff alleges her husband's significant exposure to benzene and/or benzene-containing products was the result of the acts or omissions of Shell and Shell's deceased executive officers, and such acts or omissions were a substantial, contributing cause in the development of Mr. Frank's ALL Leukemia. Plaintiff further alleges Shell knew its employees were developing blood disorders and cancers at the Norco facility and conducted internal medical studies to verify these and other health hazards related to their benzene products. Plaintiff brings the following claims against the defendants: fraudulent concealment, negligence, strict products liability, former Article 2317 liability, concealment, misrepresentation, fraud, unjust enrichment, loss of consortium, loss of services, loss of affection, loss of nurture, and intentional tort. Plaintiff seeks both compensatory and exemplary damages. She also has requested trial by jury.

In 2011, Shell filed a Motion to Dismiss Case pursuant to Rule 12(b)(6) and a Motion to Strike Complaint. (R. Docs. 18, 19). After receiving briefing on these motions, the Court issued an Order & Reasons, granting in part and denying in part both motions. (R. Doc. 36). Specifically, the Court found that prescription was tolled by the discovery rule of *contra non valentem*, but that the Louisiana Workers' Compensation Act barred Plaintiff's wrongful death claims entirely and her survival claims, except those pertaining to Shell's executive officers for the years 1972 to 1975. *See id.* These latter claims are the only remaining claims in the litigation.

## II.  PRESENT MOTION

### A.  Shell's Motion

Shell filed the present Motion, raising three arguments.  First, Shell argues that the discovery rule under *contra non valentem* does not apply here because there are insufficient allegations that the decedent did not know of his cause of action.  Second, Shell argues that the governing law is Louisiana Civil Code article 2315, the 1960 version, not the 1997 version, and further argues that this version is peremptive.  Third, Shell argues that even if the Court finds that the 1997 version of article 2315 applies, it contains a peremptive, not prescriptive period, which cannot be tolled, even by *contra non valentem*.

### B.  Plaintiff's Response

Plaintiff filed a Response in opposition to Shell's Motion.  (R. Doc. 45).  Plaintiff first argues that Shell has failed to meet the criteria to bring its Motion.  She then argues that the time period in Louisiana Civil Code article 2315.1 is a prescriptive period, not a peremptive period.  Third, Plaintiff argues that the discovery rule of *contra non valentem* does apply.

### C.  Shell's Reply

Shell filed a Reply in further support of its Motion.  (R. Doc. 50).  Shell asserts that it has properly and timely requested reconsideration pursuant to Federal Rule of Civil Procedure 59.  It then argues that Plaintiff's arguments disregard this Court's rulings in the Order & Reasons, particularly with regard to fraud for purposes of *contra non valentem*.  Shell also argues that Plaintiff fails to properly address its arguments regarding application of the discovery rule and peremption.

## III.  LAW & ANALYSIS

### A.     Rule 59

Motions asking a court to reconsider an order are generally analyzed under the standards for a motion to alter or amend a judgment pursuant to Rule 59(e) or a motion for relief from a judgment or order pursuant to Rule 60(b).  *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998).  Rule 59(e) governs when the motion is filed within 28 days of the challenged order.  *See* Fed. R. Civ. P. 59(e).  Because Shell's Motion was filed just within 28 days of entry of the Order & Reasons it challenges, the Court treats the Motion as one pursuant to Rule 59(e).

A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)(citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  Rather, Rule 59(e) serves the narrow purpose of correcting manifest errors or law or fact, or presenting newly discovered evidence.  *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 1667, 174 (5th Cir. 1990); *Templet*, 367 F.3d at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).  "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)(quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).  In the Fifth Circuit, altering, amending, or reconsidering a judgment under Rule 59(e) "is an extraordinary remedy that should be used sparingly."  *Templet*, 367 F.3d at 479 (citing *Clancy v. Empl'rs Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000)).  "A Rule 59(e) motion should not be used to re-litigate prior matters that...simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Technologies,*

*Inc.*, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010).  District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment."  *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).  Yet at the same time, the Rule 59(e) standard "favors denial of motions to alter or amend."  *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

      **B.**     **Application of the Discovery Rule**

The first challenge raised by Shell is to the Court's finding in its Order & Reasons that the discovery rule of *contra non valentem* applies to toll the prescriptive period for Plaintiff's survival claims against Shell, particularly the survival claims against Shell's executive officers from 1972 to 1976.  Shell cites the exact case law as the Court previously did, but disagrees with the Court's conclusion reached when applying this law to the allegations in the Complaint.  Shell cites only a single allegation in the Complaint that the Court relied upon in reaching its conclusion, ignoring several others cited in support.  As noted above, a Rule 59 motion is not a vehicle for rehashing issues concluded to the movant's dissatisfaction.  The Court finds no manifest error in its previous conclusion and denies Shell's Motion insofar as this argument.

      **C.**     **Louisiana Civil Code Article 2315 (1960 Revision)**

Shell next argues that the Plaintiff's survival action claims arising from Mr. Frank's alleged exposure in the workplace from 1972 to 1975 are governed by Louisiana Civil Code article 2315 (1960 Rev.), not Louisiana Civil Code article 2315.1(C)(1997 Rev.).  According to Shell, the Court is required to apply the survival statute in effect at the time of Mr. Frank's alleged significant tortious exposure, which would be the 1960 version of the statute.  Shell further argues that this version of the statute is peremptive, and not prescriptive, so even if the

discovery rule of *contra non valentem* applies, it cannot toll the running of peremption.

Shell did not previously raise this argument in its briefing for its original motion to dismiss, instead only arguing that the current version of the survival action statute was peremptive, to which the Court found to the contrary, that the statute was prescriptive. *See* (R. Doc. 36, p. 12); (R. Doc. 18-1, pp. 8-9).  However, because the Court finds this new issue is critical to the present litigation, it will address the Shell's argument.  Otherwise, Shell would be required to raise the issue in a subsequent motion to dismiss, which would be a waste of judicial economy.

In its Order & Reasons, the Court addressed the similar issue of which version of the Louisiana Workers' Compensation Act ("LWCA") applied to Plaintiff's survival action claims, which arose from the time Mr. Frank began working at Shell in 1972 and spanning the next four decades.  *See* (R. Doc. 36, pp. 16-17).  The Court found that the applicable version of the LWCA is that which is in effect during the decedent's significant tortious exposure.  *See id.* at p. 16. The Court then concluded that the LWCA in effect at all times relevant to Mr. Frank's employment at Shell barred Plaintiff's survival claims against Shell itself, but with regard to Mr. Frank's employment from 1972 to 1975, Plaintiff could pursue her survival claims against Shell's executive officers.  *See id.* at p. 17.  The Court was not asked to and did not address the question before it now, that is, which version of the survival action statute applies to these remaining claims.

In survival actions involving latent, long-term toxic torts, courts are to apply the law in effect at the time of the decedent's significant causative exposure.  *See Austin v. Abney Mills, Inc.*, 2001-1598, p. 20 (La. 9/4/02); 824 So. 2d 1137, 1150-51; *Walls v. Am. Optical Corp.*, 98-

0455 (La. 9/8/99); 740 So. 2d 1262, 1273; *Cole v. Celotex Corp.*, 599 So. 2d 1058, 1066 (La. 1992); *Alexander v. Thiokol Corp.*, 2004-625, at p. 6 (La. App. 3 Cir. 11/10/04); 887 So. 2d 685, 689; *Callaway v. Anco Insulation, Inc.*, 98-0397 (La. App. 4 cir. 3/25/98); 714 So. 2d 730, 731. This requires, as argued by Shell, that the Court apply the governing law in effect for survival actions from 1972 to 1975[1]. This law is Louisiana Civil Code article 2315 (1960 Rev.), which provides in relevant part:

> Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
> -   -   -   -   -
> The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. *Kenney v. Trinidad Corp.*, 349 F.2d 832 (5th Cir. 1965)(quoting La. Civil Code art. 2315 (Rev. 1960)).

Although the language of this older version does not appear substantially different from the current version which the Court looked to in its original Order & Reasons, the Court must determine now whether this older, applicable version contains a prescriptive or peremptive period, the latter of which would bar Plaintiff's claims even with *contra non valentem*. Upon review of the relevant jurisprudence, the Court finds that Article 2315 (Rev. 1960) contains a peremptive period, which cannot be suspended or interrupted, even by *contra non valentem*. *See Kenney v. Trinidad Corp.*, 349 F.2d 832, 838 (5th Cir. 1965)("Thus, Article 2315 establishes an absolute peremption, not prescription, of the cause of action for one year; the period cannot be

---

[1] There is no indication that the current survival action statute, Louisiana Civil Code article 2315.1 is retroactive. In fact, the Louisiana Civil Code article 6 provides for a general rule against retroactive application of legislation.

interrupted or continued beyond its term of one year."); *Jones v. Philco Ford Corp.*, 441 So. 2d 1251 (La. App. 1 Cir. 1983)("A survivorship action is subject to a peremptive period of one year from the date of death."); *Succession of Lopez v. Guidry*, 182 So. 2d 109, 110 (La. App. 4 Cir. 1966)("We are firmly of the opinion that [the one year time limitation of Louisiana Civil Code article 2315] is one of peremption.")  Thus, although the Court finds the discovery rule of *contra non valentem* applies here, this finding is inconsequential, leaving Plaintiff's survival claims against Shell's executive officers time barred.

### D. Louisiana Civil Code Article 2315.1 (1997 Rev.)

Shell also argues that Louisiana Civil Code article 2315.1 (1997 Rev.) contains a peremptive, as opposed to prescriptive time period.  The Court already addressed this argument in its Order & Reasons, *see* (R. Doc. 36, p. 12), and finds no basis to change its reasoning or conclusion therein.  Accordingly, Shell's Motion is denied insofar as this issue.

### E. Dismissal of Shell Chemical LP

In a footnote of its memoranda, Shell notes that Shell Chemical LP was erroneously identified in the Complaint as Shell Chemical LP d/b/a Shell Chemical Company, but the Court's Order & Reasons dismissed all claims against only Shell Oil Company and Shell Chemical Company.  Shell, accordingly, asks the Court to correct the record to reflect the dismissal of Shell Chemical LP as well.  The Court finds this is a mere administrative error which is proper for correction in the present Motion and now clarifies that all claims of Plaintiff against Shell Chemical LP are dismissed on the same grounds as its co-defendants.

## V. CONCLUSION

For the foregoing reasons, Shell's Rule 59 Motion for New Trial or Reconsideration and

Motion to Alter or Amend Order and Reasons (R. Doc. 41), is GRANTED IN PART and DENIED PART, dismissing all of Plaintiff's claims.

New Orleans, Louisiana this 11th day of April 2012.

*[signature: Eldon E. Fallon]*
UNITED STATES DISTRICT JUDGE

-9-